**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| KEVIN ALEXANDER MORALES HERNANDEZ, | ) ) ) | |
| *Petitioner,* | ) ) | 1:26-cv-149 (PTG/IDD) |
| v. | ) ) | |
| KRISTI NOEM, *et al.* | ) ) | |
| *Respondents.* | ) | |

## <u>ORDER</u>

This matter comes before the Court on Petitioner Kevin Alexander Morales Hernandez's

Petition for a Writ of Habeas Corpus (the "Petition"). Dkt. 1. Petitioner is a citizen of El Salvador,

who entered the United States without inspection on or around March 2021. *Id.* ¶ 1. In April 2021,

Petitioner was apprehended and released on bond under 8 U.S.C. § 1226(a). *Id.* On July 1, 2025,

Petitioner was ordered removed, and his appeal to the Board of Immigration Appeals ("BIA")

remains pending. According to the Petition, on January 4, 2026, Petitioner was arrested during a

traffic stop and taken into immigration custody. *Id.* ¶ 39. Petitioner has since been detained at the

Farmville Detention Center in Virginia, which is within this Court's jurisdiction. *Id.* ¶ 6.

Petitioner now brings suit against Kristi Noem, Secretary of the U.S. Department of Homeland

Security, and others, alleging that his continued detention violates his constitutional rights.

Respondents contend that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A).

Dkt. 4. Upon consideration of the Petition (Dkt. 1) and Respondents' Opposition[1] (Dkt. 4), the

Court concludes that Petitioner is entitled to a bond hearing. Thus, the Petition is **GRANTED.**

---

[1] In accordance with the Court's show cause order (Dkt. 3), Respondents filed a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from

1

The Court finds that Petitioner is not an "applicant for admission" and is therefore not subject to detention under 8 U.S.C. § 1225(b). This Court rejects Respondents' assertion that any immigrant without lawful status, including the Petitioner, is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See* Dkt. 4. As Respondents concede, this Court, and others in this District, have repeatedly rejected Respondents' assertion. *See, e.g., Hasan v. Crawford*, 800 F. Supp. 3d 641, 655 (E.D. Va. 2025); *Quispe-Ardiles v. Noem*, No. 1:25-cv-1382, 2025 WL 2783800, at *6 (E.D. Va. Sept. 30, 2025); *Garcia v. Noem*, No. 1:25-cv-1712, 2025 WL 3111223, at *3 (E.D. Va. Nov. 6, 2025). Courts outside of this jurisdiction have also been unequivocal in their rebuff of Respondents' actions.[2] *See Echevarria v. Bondi*, 2025 WL 2821282, at *4 (D. Ariz. Oct. 3, 2025) ("[M]any district courts across the country have grappled with the same issue, and it appears that all but one of them has rejected Respondents' position."). To be clear, "§ 1225 applies to arriving aliens whereas § 1226 generally governs the process of arresting and detaining aliens present in the United States pending their removal." *Hasan*, 800 F. Supp. 3d at 653 (quotation marks omitted) (quoting *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 916 (E.D. Va. 2024)).

Further, as the Petition and its exhibits demonstrate, Respondents' actions against Petitioner have been done explicitly pursuant to § 1226(a). At the time Petitioner was apprehended at the border in 2021, immigration officials detained Petitioner under 8 U.S.C. § 1226(a). Dkt. 1 ¶ 1. Petitioner was subsequently released on bond by an immigration judge. *Id.* Further,

_____

those presented in *Andrade Portillo v. Perry, et al.*, 1:25-cv-1646 (E.D. Va.). Accordingly, Respondents' substantive arguments in *Andrade Portillo* will be incorporated into this matter.

[2] *See Demirel v. Fed. Det. Ctr. Phila.*, 2025 WL 3218243, at *4–5 (E.D. Pa. Nov. 18, 2025) (noting that "the law is clear" that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here"). Although Respondents rely on the Fifth Circuit's decision reaching a contrary conclusion, that decision is not binding here. *CASA de Md., Inc. v. Trump*, 971 F.3d 220, 260 (4th Cir. 2020).

Petitioner's rearrest in January 2026 was pursuant to the original warrant under 8 U.S.C. § 1226(b). *Id.* ¶ 46; 8 U.S.C. § 1226(b) ("The Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien."); *Hasan*, 800 F. Supp. 3d at 654-55 (reaching the same conclusion on analogous facts).

Finally, the Petition alleges, and Respondents do not dispute, that Petitioner has continuously resided in the United States for five years.[3] Dkt. 1 ¶ 1. Accordingly, Petitioner is entitled to an immediate bond hearing under § 1226(a), and its implementing regulations, before an immigration judge.

Accordingly, it is hereby

**ORDERED** that the Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED**; it is further

**ORDERED** that Petitioner be immediately released from custody, with all his personal property, pending his bond hearing before an immigration judge. Petitioner must live at a fixed address and provide that address to the Court within twenty-four (24) hours of the issuance of this Order. Petitioner must also appear at the bond hearing once the government notifies him of its date, time, and location; it is further

**ORDERED** that Respondents must provide Petitioner with a standard bond hearing pursuant to 8 U.S.C. § 1226(a) within fourteen (14) days of the date of this Order; it is further

**ORDERED** that Respondents are **ENJOINED** from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2); it is further

**ORDERED** that Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are

---

[3] Additionally, Respondents do not raise any issue of criminal history that should preclude Petitioner's request for immediate release.

3

**ENJOINED** from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2); it is further

**ORDERED** that the parties shall file a status report on the status of Petitioner's bond hearing within three (3) days of the bond hearing. The status report shall detail when the bond hearing occurred, if the bond was granted or denied, and if denied, the reasons for that denial; and it is further

**ORDERED** that the Motion to Set Hearing (Dkt. 5) is **DENIED as moot**.

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 25th day of February, 2026.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge

4